**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **KENNETH GLENN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:19-CV-00059-MTT-CHW |
| VS. | : | |
| | : | |
| Commissioner **GREG DOZIER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## RECOMMENDATION

*Pro se* Plaintiff Kenneth Glenn, an inmate currently confined at the Coastal State Prison in Garden City, Georgia, has filed a complaint under 42 U.S.C. § 1983 (ECF No. 1) and paid the applicable filing fee. For the following reasons, Plaintiff's Complaint, as pleaded, fails to state a claim upon which relief may be granted as to Defendant Dozier, and venue in this district is not appropriate as to Plaintiff's remaining claims. It is therefore **RECOMMENDED** that Plaintiff's due process claims concerning the prison's grievance procedure and his claims against Defendant Dozier be **DISMISSED without prejudice.** It is further **RECOMMENDED** that Plaintiff's remaining claims be **TRANSFERRED** to the Southern District of Georgia and that Plaintiff's motion for recusal (ECF No. 4) and his request for appointed counsel be **DENIED.**

### I. Motion for Recusal

Plaintiff has filed a "Request Not to Have Judge Weigle Ruling on My Case" (ECF No. 4), which is construed as a motion for recusal. 28 U.S.C. § 455 provides the standard

for when a judge, justice, or magistrate judge must disqualify himself from a particular proceeding.[1] The statute generally provides that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)-(5). Plaintiff does not specify which statutory circumstances apply to this case. It appears, however, that Plaintiff's primary complaint is that the undersigned is generally biased against prisoners. *See* Mot. Recusal 1, ECF No. 4 ("Honorable Judge Weigle seems to be unable to rule favorably toward prison inmates from my cases in the past.").[2] Plaintiff may thus be relying on either subsection (a) or subsection (b)(1).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's

---

[1] 28 U.S.C. § 144 also addresses recusal, but it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice against the plaintiff or defendant, and the affidavit must provide facts and reasons for the belief that bias or prejudice exists. Plaintiff has not filed such an affidavit, and this requirement is strictly enforced. *See, e.g., United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that the court did not abuse its discretion by denying litigant's pro se motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the statute's procedural requirements). As such, it is assumed that Plaintiff intended to proceed under § 455.

[2] Plaintiff's Motion specifically refers to *Glenn v. Williams*, Case No. 5:17-cv-00401-TES-TQL (M.D. Ga. Oct. 20, 2017). This case was assigned to another Magistrate Judge within this District and remains pending. Plaintiff also previously filed *Glenn v. Madison County Sheriff's Department*, Case No. 3:16-cv-00008-CDL-CHW (M.D. Ga. Oct. 26, 2015), which was assigned to the undersigned Magistrate Judge. Summary judgment was granted in favor of Defendants in that case on December 29, 2017.

impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case."). In this case, Plaintiff has not alleged that any extrajudicial, personal bias pervaded the undersigned's rulings in any previous cases, nor has Plaintiff established that the undersigned would not fairly and impartially consider all Plaintiff's future contentions and decide the issues accordingly.

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff has failed to allege any personal bias on the part of the undersigned, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the undersigned has knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary

fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. No such knowledge exists here. Because Plaintiff has failed to allege facts requiring the undersigned to recuse himself, his motion for recusal should be denied.

**II.   Request for Appointed Counsel**

Plaintiff has also "demand[ed]" that counsel be appointed in this case. Mot. Recusal 1, ECF No. 4. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam) (holding that court did not abuse its discretion in denying appointed counsel where prisoner "articulated his claims for relief in his complaint and filed several responsive pleadings and motions before the district court in which he accurately cited the essential facts, legal arguments, and relevant law").

In this case, Plaintiff filed a complaint on a standard § 1983 form. The Court is required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated, the law governing Plaintiff's claims is neither novel nor complex, and Plaintiff does not have any apparent difficulty in articulating the substance of his claims to the Court. Plaintiff's "demand" for appointed counsel should therefore be denied.

### III. Preliminary Screening

#### A. Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v.*

5

*Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B. <u>Factual Allegations</u>

Plaintiff's claims in this case arise from his incarceration at the Georgia State Prison ("GSP") from August 1, 2017 through January of 2018.  *See* Compl. 10, ECF No. 1.  As the Complaint notes, Georgia State Prison is located in Reidsville, Tattnall County, Georgia, which is in the Statesboro Division of the Southern District of Georgia.  According to the Complaint, while Plaintiff was previously incarcerated at the Johnson State Prison, he provided information to prison officials and others concerning illegal cell phone activity at that facility.  *Id.* at 12.  As a result, Plaintiff "was beaten and raped at Johnson" and therefore "required an open barracks PREA approved dorm with 24 hour video surveillance."  *Id.*  Plaintiff suffered significant injuries in the attack at Johnson State Prison which require him to use adult diapers, a back brace, and a cane, and he also developed "serious mental health" needs after the attack.  *Id.*  Johnson State Prison is located in Wrightsville, Johnson County, Georgia, which is in the Dublin Division of the Southern District of Georgia.

Plaintiff contends that he informed prison officials at GSP of his housing, medical, and mental health needs upon his arrival, but prison officials delayed in responding to his inquiries or refused assistance altogether.  Instead of being placed in an open, PREA-approved barracks, Plaintiff was placed in a two-man cell without certain features that Plaintiff alleges were required to ensure his safety, such as sprinklers, video cameras, or emergency call buttons.  *Id.* at 15.  Plaintiff contends his placement exacerbated his mental health conditions, including "post traumatic stress, post rape syndrome, obsessive compulsive, anxiety and bi-polar disorder."  *Id.* at 13.  In addition, Plaintiff states that he was not permitted to leave the cell to bathe himself after he soiled his adult diapers at night,

7

which caused him to contract three staph infections in a short period of time. *Id.* Plaintiff alleges that GSP prison officials also failed to accommodate his need for a shower chair to assist him in the shower and required him to walk up and down stairs despite having a "lower range" profile. *See, e.g., id.* at 14. As a result, Plaintiff alleges he fell and injured himself on more than one occasion, and GSP officials failed to properly treat the resulting injuries. *Id.* Plaintiff also contends that various GSP officials interfered with his grievances, threatened him to "keep [his] mouth shut," and retaliated against him when he complained to them about his circumstances. *See id.* at 12.

Plaintiff primarily names as Defendants in this case GSP officials: Regional Director Toole; Warden Allen; Deputy Warden of Care and Treatment Pinero; Deputy Warden of Security Bobbett; Medical Director Sharp; Grievance Coordinator Howard; Chief Counselor and PREA Coordinator Wilson; PREA Investigator Thomas; and Building Counselor Bradley. Compl. 2, ECF No. 1.[3] Plaintiff also names the Commissioner of the Georgia Department of Corrections ("GDC"), Greg Dozier, as a Defendant in this case. *Id.* Plaintiff contends each Defendant violated his constitutional rights, and as a result he seeks compensatory damages. *See id.* at 17.

### C. Plaintiff's Claims

#### 1. *Grievance Procedure Claims*

Plaintiff first contends that Defendants Dozier, Allen, Toole, and Howard denied him access to the prison's grievance process because they "refuse[d] to follow

---

[3] Defendant Toole is identified as the "Regional Director over GA State Prison." Compl. 2, ECF No. 1.

Commissioner Dozier's orders" concerning how the grievances should be processed. Compl. 10, ECF No. 1. Plaintiff states Defendants "lie, lose grievances in the mail, make up their own grievance SOP, or just refuse to process" grievances to prevent prisoners from exhausting their administrative remedies as required by the PLRA. *See id.* Though it appears Plaintiff is attempting to state a due process claim with respect to these allegations, he has fallen short of stating an actionable claim for relief. Prisoners have no constitutionally-protected liberty interest in accessing a prison's grievance procedure. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam). Thus, a prisoner's "allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) (per curiam). Plaintiff's claims concerning Defendants' alleged mishandling of his grievances are therefore subject to dismissal

### 2. Remaining Claims against Defendant Dozier

As noted above, the only Defendant who is not directly identified as a GSP official appears to be Defendant Dozier, the GDC Commissioner. Compl. 2, ECF No. 1. It is well-settled in the Eleventh Circuit that supervisory officials—such as Defendant Dozier—are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*,

535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff's conclusory allegations fail to establish a basis by which Defendant Dozier can be held liable for the alleged constitutional violations in this case.

In nearly two hundred pages of documents submitted, Plaintiff never clearly alleges that Defendant Dozier personally participated in any of the conduct giving rise to the alleged constitutional violations in this case. Although Plaintiff occasionally states that "all Defendants" knew about his need for a particular kind of housing or medical and mental health treatment, Plaintiff does not plead specific facts showing Defendant Dozier's subjective knowledge of these needs. Indeed, Plaintiff does not mention Defendant Dozier in his list of persons at GSP that knew there was a "contract on [Plaintiff's] life" because Plaintiff had "snitched" on individuals at Johnson State Prison or his list of GSP officials who knew of his "unsanitary housing conditions and cruel and unusual punishment." *See, e.g.,* Attach. 3 to Compl. 11, 15, 21 ECF No. 1-3.

The closest Plaintiff comes to alleging a specific fact suggesting a basis for holding Defendant Dozier liable in his supervisory capacity for the conditions at GSP is his

allegation that Plaintiff mailed Defendant Dozier a copy of a grievance concerning the lack of panic buttons or sprinklers inside the two-man cells at GSP. Compl. 15, ECF No. 1.[4] The mere fact that a supervisor receives a complaint does not establish the supervisor's liability for the allegedly unconstitutional conduct complained about therein, however. *See, e.g., Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Smith v. Prine*, No. 7:09-CV-153 (HL), 2012 WL 2308639, at *4 (M.D. Ga. May 2, 2012) (filing a grievance does not alone show that a supervisor had subjective knowledge of a substantial risk of serious harm sufficient to impose § 1983 liability on the supervisor); *Nichols v. Burnside*, No. 5:11-CV-116 (MTT), 2011 WL 2036709, at *3 (M.D. Ga. Apr. 21, 2011) (same). Nor does the fact that Plaintiff complained about his treatment establish the kind of "widespread abuse" that is required to impose supervisory liability on a prison official. *See Hendrix*, 535 F. App'x at 805 (plaintiff's contention that supervisors were on notice of need to correct constitutional deprivations because supervisors were aware of his administrative grievances and state court litigation was insufficient to establish that any alleged abuse was more than just an isolated occurrence). Plaintiff does not describe the

---

[4] Plaintiff further claims that he notified the "GA Dept. of Corrections Commissioner" of the cell-phone scheme at Johnson State Prison, although it is unclear whether Plaintiff is referring to Defendant Dozier. *See, e.g.,* Attach. 2 to Compl. 4, ECF No. 1-2. In addition, Plaintiff alleges that Defendant Dozier was a defendant in a lawsuit he filed at Johnson State Prison regarding the repercussions he faced as a result of providing information regarding this cell-phone scheme. *See, e.g.,* Attach. 3 to Compl. 44, 49, ECF No. 1-3. Plaintiff does not allege, however, that he made Defendant Dozier aware of any connection between the cell-phone scheme and his conditions of confinement at GSP.

11

substance of his communications with Defendant Dozier or establish that Dozier knew that his treatment was more than just an isolated incident. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." (internal quotation marks omitted)). Plaintiff also fails to allege facts suggesting that Defendant Dozier maintained an improper custom or policy that led to the alleged constitutional violations or that he directed his subordinates to act unlawfully or knew they would do so and failed to act. *See Hendrix*, 535 F. App'x at 805. Plaintiff has therefore failed to allege facts sufficient to show that Defendant Dozier should be liable for the acts of any of his subordinates at GSP. Plaintiff's individual-capacity claims against Defendant Dozier should therefore be dismissed.

Plaintiff also purports to sue Defendant Dozier in his official capacity. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted). Thus, to the extent Defendant Dozier is sued in his official capacity, this action is effectively an action against the governmental entity he represents—the GDC. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1115 (11th Cir. 2005). The GDC is a state entity entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("[t]he Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the state" are not considered

"persons" capable of being sued under § 1983); *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) (holding that "[u]nder the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court"). Accordingly, any damages claims against Defendant Dozier in his official capacity should also be dismissed.

It is true that claims for prospective injunctive relief against state officials in their official capacities are not barred by Eleventh Amendment immunity because "official-capacity actions for prospective relief are not treated as actions against the State." *See Graham*, 473 U.S. at 167 n.14 (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). In this case, however, Plaintiff does not allege that he is seeking prospective injunctive relief, other than his release from prison. *See* Compl. 17, ECF No. 1. Because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release," such relief is not available via this § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).[5]

---

[5] It should also be noted that the allegations in Plaintiff's Complaint, when liberally construed, could perhaps fall within the ambit of Title II of the Americans with Disabilities Act ("ADA"). *See, e.g., Lonergan v. Fla. Dep't Corr.*, 623 F. App'x 990, 992 n.4, 993 (11th Cir. 2015) (per curiam) (noting that the ADA applies to prisons and may require that a disabled prisoner receive accommodations for his disability). As noted above, however, Plaintiff's only cognizable claim for relief in this action is for money damages, and such relief is not available in a Title II ADA case. *Strober v. Payless Rental Car*, 701 F. App'x 911, 913 n.4 (11th Cir. 2017) (per curiam) ("A Title II plaintiff may obtain an injunction as a remedy, but not money damages.").

If Defendant Dozier is dismissed, venue would no longer be proper in this district: Plaintiff's remaining claims involve events occurring in at GSP, which is located in Tattnall County, Georgia, and no remaining party appears to be located in the Middle District of Georgia. *See* 28 U.S.C. § 1391(b).[6] Plaintiff's remaining claims should therefore be transferred to the Southern District of Georgia. *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); *see also Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, 953 (11th Cir. 2011) (per curiam) (affirming district court's dismissal of claims against remaining defendants under § 1406(a) after dismissing one defendant for lack of personal jurisdiction).

### III.  Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motion for recusal (ECF No. 4) be **DENIED**; his request for appointed counsel be **DENIED**; his due process claims concerning the prison's grievance procedures and all additional claims against Defendant Dozier be **DISMISSED without prejudice**; and all remaining claims be **TRANSFERRED** to the Statesboro Division of the Southern District of Georgia.  *See* 28 U.S.C. § 90(c)(6).

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District

---

[6] Plaintiff appears to allege that Defendant Toole is located in either the Northern or Southern District of Georgia. *See* Compl. 2, 9, ECF No. 1.

14

Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

    **SO RECOMMENDED**, this 26th day of June, 2019.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge