**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **KENNETH GLENN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) **CASE NO. 5:19-CV-59 (MTT)** <br> ) <br> Commissioner **GREG DOZIER**, *et al.*, ) <br> ) <br> ) <br> **Defendants.** ) <br> ) | |

## ORDER

After conducting the frivolity screening required by 28 U.S.C. § 1915A(a), United States Magistrate Judge Charles H. Weigle recommends dismissing Plaintiff's due process claims concerning the prison grievance system, dismissing Defendant Greg Dozier, and transferring the action to the Southern District of Georgia. Doc. 7. He also recommends denying the Plaintiff's motion for recusal and motion for appointment of counsel (Doc. 4). *Id.* The Plaintiff has objected to the Recommendation. Doc. 8. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objections and made a de novo determination of the portions of the Recommendation to which he objects. The Recommendation (Doc. 7), is **ADOPTED in part AND REJECTED in part.**

### I.    BACKGROUND

The Plaintiff's claims in this case arise from his incarceration at Georgia State Prison ("GSP") from August 1, 2017 through January 2018. Doc. 1. GSP is located in Tattnall County, Georgia, which is in the Southern District of Georgia. The Plaintiff

states that when he was previously incarcerated at Johnson State Prison, he provided information to prison officials and others concerning illegal cell phone activity at that facility.  *Id.* at 12.  As a result, the Plaintiff "was beaten and raped" and therefore "required an open barracks PREA approved dorm with 24 hour video surveillance."  *Id.*  The Plaintiff states he developed "serious mental health issues" and suffered significant physical injuries in the attack at Johnson State Prison, which require him to use adult diapers, a back brace, and a cane.  *Id.*

The Plaintiff states that he informed prison officials at GSP of his housing, medical, and mental health needs upon his arrival, but prison officials either delayed responding to his inquiries or refused assistance altogether.  Instead of being placed in an open, PREA-approved barracks, the Plaintiff states he was placed in a two-man cell without certain features to ensure his safety, such as sprinklers, video cameras, or emergency call buttons.  *Id.* at 15.  The Plaintiff contends his placement exacerbated his mental health conditions, including "post-traumatic stress, post-rape syndrome, obsessive compulsive, anxiety and bi-polar disorder."  *Id.* at 13.  Additionally, the Plaintiff states that he was not permitted to leave the cell to bathe after he soiled his adult diapers at night, which caused him to contract three staph infections in a short period of time.  *Id.*  The Plaintiff alleges that GSP prison officials also failed to accommodate his need for a shower chair to assist him in the shower and required him to walk up and down stairs despite having a "lower range" profile.  *Id.* at 14.  As a result, the Plaintiff alleges he fell and injured himself on several occasions, and GSP officials failed to properly treat the resulting injuries.  *Id.*

The Plaintiff also contends that various GSP officials interfered with his grievances, threatened him to "keep [his] mouth shut," and retaliated against him when he complained to them about his circumstances. *See id.* at 12.

The Plaintiff primarily names GSP officials as Defendants in this case: Warden Allen; Deputy Warden of Care and Treatment Pinero; Deputy Warden of Security Bobbett; Medical Director Sharp; Grievance Coordinator Howard; Chief Counselor and PREA Coordinator Wilson; PREA Investigator Thomas; and Building Counselor Bradley. Doc. 1 at 1, 9. But he also names two officials who are apparently located in Atlanta, Georgia: Commissioner of the Georgia Department of Corrections ("GDC") Greg Dozier and Regional Director Robert Toole. *Id.*

The Plaintiff "demand[ed]" that counsel be appointed and moved to recuse the Magistrate Judge from the case. Doc. 4.

The Magistrate Judge recommends dismissing without prejudice the Plaintiff's due process claims regarding the prison's grievance procedure and Greg Dozier. Doc. 7. He also recommends denying the Plaintiff's motions for recusal and appointment of counsel. *Id.* Finally, he recommends transferring the action to the Southern District. *Id.*

For the following reasons, the Recommendation **ADOPTED in part AND REJECTED in part**.

## II. DISCUSSION

### A. Recusal of the Magistrate Judge

The Plaintiff objects (Doc. 8) to the Magistrate Judge's recommendation to deny his motion for recusal (Doc. 7 at 1-4). He alleges that Magistrate Judge Charles H. Weigle ruled against him in a previous lawsuit: *Glenn v. Madison Cty. Sheriff's Office*,

3:16-cv-8-CDL (M.D. Ga. Jan. 27, 2016). In that suit, Judge Weigle recommended that the Defendants' motion for summary judgment be granted, and the District Court adopted the Recommendation. *Glenn*, 3:16-cv-8-CDL, Docs. 102; 103. Judge Weigle's recommendation as to the disposition of the Plaintiff's prior case provides no grounds for recusal. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (holding that "expect where pervasive bias is shown, a judge's rulings in the same or related case are not sufficient basis for recusal").

The Plaintiff states that "during the course of [his previous] lawsuit, [his] mother personally drove to Augusta to the U. S. District . . . Office to ask Judge Weigle why he was not doing anything. . . . She got into a shouting argument with the people at the Office." Doc. 8 at 2. The Plaintiff argues that this encounter will cause Judge Weigle to be biased against him. While it is not clear what office Plaintiff's mother visited in Augusta, it is clear that it was not Judge Weigle's office. Judge Weigle does not have an office in Augusta, Georgia. Judge Weigle presides in the Middle District of Georgia, while Augusta is located in the Southern District of Georgia. Thus, his mother's "shouting argument" in some office in Augusta provides no grounds for recusal.

The Plaintiff also states that he wrote Judge Weigle a letter "call[ing] him a dirty name," and, as a result, Judge Weigle "threw [his] old case out." *Id.* The Plaintiff states this is proof of the Magistrate Judge's bias, and recusal is appropriate under 28 U.S.C. § 455(b)(1), which requires disqualification when the judge "has a personal bias or prejudice concerning a party. . . ." In the previous case, Judge Weigle merely recommended granting the Defendants' motion for summary judgment because they established there was no genuine dispute as to any material fact and they were entitled

to judgment as a matter of law.  *Glenn*, 3:16-cv-8-CDL, Doc. 102.  There is no indication beyond the Plaintiff's own unsupported, conclusory allegations that the Plaintiff's letter had anything to do with the disposition of this previous suit.  Likewise, there is no indication beyond the Plaintiff's own unsupported, conclusory allegations that Judge Weigle is biased.  The Plaintiff has not established that Judge Weigle has any personal prejudice that would render him unable to fairly and impartially consider all of the Plaintiff's claims.

The Court, therefore, accepts and adopts the recommendation regarding the Plaintiff's motion for recusal.  Accordingly, that motion (Doc. 4) is **DENIED**.

**B. Appointment of Counsel.**

The Plaintiff also objects to the Magistrate Judge's recommendation that counsel not be appointed.  Doc. 8 at 4.  He complains that he was denied access to legal resources from May 25, 2018 until April 15, 2019 when he was in the "Isolation Unit."  *Id.*  He argues that these "extraordinary circumstances" caused "irreparable injury," and, under these circumstances, the Court is required to appoint counsel.  *Id.*  It is not.  There is no constitutional or statutory right to counsel in a § 1983 lawsuit.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is warranted only in "exceptional circumstances."  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (citation omitted).  The Plaintiff's prior segregated confinement is neither "extraordinary" nor "exceptional."  The Plaintiff's "legal claims . . . are straightforward."  *Id.*  Despite his protests otherwise, this case is not so complex or unusual that counsel should be appointed.  Should the Court determine at any time in the future that counsel is necessary, it will consider appointment of counsel at that time.  At this time, however,

the Magistrate Judge correctly recommended that the Plaintiff's "demand" (Doc. 4 at 1) for counsel be denied, Doc. 7 at 5.  The Court, therefore, accepts and adopts this recommendation (Doc. 7 at 4-5) and Plaintiff's request for counsel (Doc. 4 at 1) is **DENIED**.

### C. Denial of due process involving the grievance process

The Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his claim for denial of due process during the grievance procedure.  Doc. 7 at 8-9.  He complains that "the tax payers of . . . Georgia are paying Grievance Coordinator Mrs. Howard to talk on the phone, read magazines, and do everything but correctly process grievances."  Doc. 8 at 9.  He argues that the "grievances filed through an official grievance procedure are constitutionally protected," and he "refuse[s] to have these grievance claims dismissed."  *Id.* at 9, 11.

There is no constitutionally protected liberty interest in accessing a prison's grievance procedure.  *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).  Therefore, allegations that prison officials failed to process, improperly processed, or improperly denied a grievance do not state viable constitutional claims.

The Magistrate Judge correctly recommended dismissal of the Plaintiff's due process complaints about the grievance process.  Doc. 7 at 8-9.  The Court, therefore, accepts and adopts the recommendation that these claims be dismissed.  *Id.*  The Plaintiff's due process claims regarding the grievance process are **DISMISSED without prejudice**.

### D. GDC Commissioner Greg Dozier

The Magistrate Judge recommends that GDC Commissioner Greg Dozier be dismissed for three reasons:  (1) the Plaintiff failed to allege that Dozier personally participated in the unconstitutional conditions at GSP or allege a causal connection between Dozier and the conditions at GSP; (2) qualified immunity barred any damages claims against Dozier in his official capacity; and (3) the only injunctive relief the Plaintiff seeks against Dozier is release from prison, which is not available in a §1983 action. Doc. 7 at 8-13.

The Plaintiff makes several objections, only one of which has any merit.  Doc. 8. He states that on October 13, 2017, he wrote a letter to Dozier, Judge Dudley Bowen, the Deputy Warden of Care and Treatment, "the Psychiatric Dep[artment] Head, and the Medical Dep[artment] Head" telling them his life was in danger at GSP due to his past activities at Johnson State Prison.  He complained that he feared for his life because gang members might murder him.  The Plaintiff states he told Dozier and others that he needed to be placed in an open dorm with twenty-four-hour surveillance because the dorm he was in at GSP exacerbated his post-rape PTSD, manic depression, etc.  The Plaintiff states he informed Dozier that he had to sleep in adult diapers and his placement in the two-man cell caused him to defecate and urinate on himself.  He states he told Dozier and others of the staph infections he contracted from being forced to remain in the soiled adult diapers without the opportunity to bathe.  The Plaintiff states that Dozier "did [a]bsolutely [n]othing! Nothing! Nothing!"  Doc. 8 at 19.

A supervisory official can be held liable under § 1983 if the facts support an inference that he knew his subordinates were acting unlawfully and he failed to

intervene. The Plaintiff argues this October 13, 2017 letter gave Dozier notice of the constitutional violations and he failed to act. Doc. 8 at 20. At this stage in the litigation, construing the Plaintiff's objections liberally, the Court finds that based on these new factual allegations against Dozier that were first alleged in the Plaintiff's objections, the action must go forward against Dozier in his individual capacity.

The Court accepts and adopts the Magistrate Judge's recommendations that (1) an official capacity suit for damages against Dozier is barred by the Eleventh Amendment (Doc. 7 at 12), and (2) the only injunctive relief Plaintiff seeks from Dozier—release from prison—is unavailable in a § 1983 action (Doc. 7 at 13). But, based on new information in the Plaintiff's objections, the Court must reject the recommendation that GDC Commissioner Dozier, in his individual capacity,[1] be dismissed without prejudice. Doc. 7 at 9-14. Dozier will remain in the suit at this stage of the litigation.

### E. Transfer to the Southern District

Having recommended dismissal of Dozier, the Magistrate Judge found that the only Defendants who remained in the suit resided in the Southern District of Georgia.[2] Doc. 7 at 14. He, therefore, recommended that the action be transferred to the Southern District. *Id.* (citing 28 U.S.C. § 1406(a)). But based on new factual allegations in the Plaintiff's objections, however, the Court has determined that Dozier must remain in the action.

---

[1] The Plaintiff clarified in his objection that he seeks to hold Dozier liable in both his individual and official capacities. Doc. 8 at 24. He had, however, stated as much in his original complaint. Doc. 1 at 2.
[2] The Magistrate Judge noted that it was unclear if Defendant Robert Toole resides in the Southern or Northern District of Georgia. Doc. 7 at 14 n.6.

It appears, however, that this action still should not be brought in the Middle District.  All of the Defendants, except Dozier and Regional Director Robert Toole, clearly reside in the Southern District of Georgia.  Doc. 1 at 2, 9.  It appears that Toole either resides in the Southern District of Georgia or the Northern District of Georgia.  *Id.*; Docs. 1 at 2, 9; 7 at 14 n.6.  It also appears that Dozier resides in the Northern District.  Doc. 1 at 2, 9.  The Plaintiff lists Dozier's address as 2 MLK Jr. Drive, East Tower, Suite 866, Atlanta, GA 30334-4300.  *Id.*  Atlanta is in the Northern District of Georgia.  The Court realizes, however, that GDC also has an office located in Forsyth, Georgia, which is in the Middle District.  It is not clear if the Commissioner "resides" at the GDC office in Forsyth, Georgia or the GDC office in Atlanta.  28 U.S.C. § 1391(b); *see Rasheed v. Donald*, 2007 WL 4287697, at *1 (N.D. Ga. 2007) (finding GDC Commissioner resides within the territory of the Northern District of Georgia).

Should the Defendants wish to assert the defense of venue, they may do so by filing a pre-answer motion under Fed. R. Civ. P. 12(b)(3).

Accordingly, at this time, the Court rejects the Magistrate Judge's recommendation to transfer this action to the Southern District of Georgia.  Should they determine it appropriate, the Defendants should raise the defense of venue in a pre-answer motion.

### III.   CONCLUSION

After review, the Court **ACCEPTS in part AND REJECTS in part** the findings, conclusions, and recommendations of the Magistrate Judge.  The Court **ACCEPTS** the recommendation and **DENIES** both the Plaintiff's motion to recuse the Magistrate Judge and motion for counsel (Doc. 4).  The Court **ACCEPTS** the recommendation to

**DISMISS without prejudice** the Plaintiff's denial of due process claims related to the grievance process.  The Court **ACCEPTS** the recommendation to **DISMISS with prejudice** any claim for damages against GDC Commissioner Greg Dozier in his official capacity and any claim for early release from prison.   Based on new factual information first provided in Plaintiff's objection, the Court **REJECTS** both the recommendation to dismiss GDC Commission Greg Dozier in his individual capacity from the action and the recommendation to transfer the action to the Southern District of Georgia.  Dozier will remain in the action in his individual capacity, and the action will remain pending in the Middle District of Georgia.  The Defendants may raise any appropriate venue defense in a pre-answer motion brought under Fed. R. Civ. P. 12(b)(3).

## IV.     ORDER FOR SERVICE

For those reasons discussed above, it is **ORDERED** that service be made on all named Defendants and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

The Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. The Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

The Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed,

the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.  The Plaintiff is advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The Local Rules impose the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15)

- 13 -

requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED,** this 20th day of September, 2019.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT